**Mary Ann WISZ, Individually, and ex rel. United States of America, Plaintiff,**

v.

**C/HCA DEVELOPMENT, INC. D/B/A Columbia–Olympia Fields Osteopathic Hospital and Medical Center, Inc., and Columbia Chicago Osteopathic Hospitals, Inc., and Midwestern University, an Illinois Corporation, F/D/B/A Olympia Fields Osteopathic Hospital and Medical Center, Inc. and Chicago Osteopathic Hospitals, Inc., Defendants.**

No. 97 C 2646.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 19, 1998.

Sidney R. Berger, Attorney at Law, Chicago, IL, for Plaintiff.

James A. Cherney, Joseph A. Sullivan, Latham & Watkins, Chicago, IL, C. Joseph Yast, Law Office of C. Joseph Yast, Northfield, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Mary Ann Wisz, individually and on behalf of the United States Government, brought suit under the False Claims Act, 31 U.S.C. § 3729(a)(1), against the defendants, C/HCA Development, Inc. ("Columbia") d/b/a Columbia–Olympia Fields Osteopathic Hospital and Medical Center, Inc. ("Columbia–Olympia Fields") and Columbia Chicago Osteopathic Hospitals, Inc. ("Columbia–Chicago"), and Midwestern University ("Midwestern") f/d/b/a Olympia Fields Osteopathic Hospitals and Medical Center ("Olym-pia Fields") and Chicago Osteopathic Hospitals, Inc. ("Chicago Osteopathic"). Columbia moves to dismiss part of Ms. Wisz's claim. For the following reasons, the motion is granted.

### Background

From August, 1995, to December, 1996, Mary Ann Wisz worked at Olympia Fields in its quality assurance program. (2d Amend. Comp. ¶ 3). Ms. Wisz alleges that in October, 1995, Columbia bought Olympia Fields and Chicago Osteopathic from Midwestern University. (2d Amend.Comp. ¶ 4).

According to Ms. Wisz, the state of Illinois has a Medicaid program that is partially funded with federal money. Providers of medical services such as hospitals are reimbursed for treating Medicaid patients by sending billing statements to the State. After the State pays the provider it forwards the statement of services to the United States Government for partial reimbursement. (2d Amend.Comp. ¶¶ 6–8).

Ms. Wisz alleges that prior to the sale of Olympia Fields to Columbia, it was custom and practice to have surgical nurses complete an operative report in which the surgery performed was, depending on the surgery, designated as either "minor" or "major." (2d Amend.Comp. ¶ 18). Ms. Wisz alleges that Columbia instituted a practice at Olympia Fields that directed surgical nurses to designate all surgeries "major" even if such surgeries would previously have been designated "minor." Ms. Wisz states that Columbia, aware that some nurses would find this new directive uncomfortable, instructed nurses that did not want to designate "minor" surgeries "major" to leave that part of the operative form blank so that it could be filled in by others. (2d Amend.Comp. ¶ 19). Ms. Wisz alleges that since the operative reports are used to prepare patients' Medicaid and Medicare bills, the only logical purpose behind ordering nurses to change "minor" surgeries to "major" surgeries is to increase a patient's bill. Ms. Wisz alleges that through this practice Columbia has obtained money to which it is not entitled. (2d Amend.Comp. ¶¶ 20–21).

Ms. Wisz states that only Columbia knows whether its directive to falsify the surgery type was meant to defraud private patients, Medicaid patients, Medicare patients, or all three. (2d Amend.Comp. ¶ 22). Ms. Wisz alleges that submission of these false claims violates the False Claims Act.[1]

### False Claims Act

Columbia challenges Ms. Wisz's ability to state a False Claims Act claim regarding her allegations that Columbia directed nurses to report "minor" surgeries as "major" surgeries. The False Claims Act prohibits an individual from knowingly presenting a false or fraudulent claim for payment or approval to an officer or employee of the United States Government. 31 U.S.C. § 3729(a)(1).

Ms. Wisz alleges that marking surgeries as "major" on the operative reports when they were actually "minor" was fraudulent. The operative reports are used to prepare a DRG form.[2] Patient bills are prepared using the DRG form. Ms. Wisz alleges, in essence, that Columbia's directive to describe all surgeries as "major" must have had an effect on the DRG forms which in turn must have had an effect on patients' bills. According to Ms. Wisz, the end result must have caused higher billing to patients or Columbia would not have mandated the directive. Ms. Wisz, however, does not state how marking all surgeries as "major" affected the DRG form or patients' bills in a way that would result in higher bills. Ms. Wisz alleges that only Columbia knows the actual victims of its fraud and the purpose of its directive.

■ Federal Rule of Civil Procedure 9(b) requires all fraud claims to be plead with particularity. Although the Seventh Circuit has not directly considered the applicability of Rule 9(b) to the False Claims Act, other courts have consistently found Rule 9(b) applies to the False Claims Act. *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir.1997);

*Gold v. Morrison–Knudsen Co.*, 68 F.3d 1475, 1477 (2d Cir.1995); *United States ex rel. Robinson v. Northrop Corp.*, 149 F.R.D. 142, 144 (N.D.Ill.1993). Thus, Ms. Wisz must plead the "who, what, when, and where" of the fraud. *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir.1992).

■ Ms. Wisz's complaint is woefully insufficient. She fails to state how marking all surgeries as "major" on the operative report affected the DRG form. Likewise, she fails to allege any specific effect the directive might have had on patients' bills. Instead, Ms. Wisz alleges an assumption: that Columbia would not have instituted the directive unless it planned on fraudulently billing patients. *See Brickman v. Tyco Toys, Inc.*, 722 F.Supp. 1054, 1060 (S.D.N.Y.1989) ("Mere suspicions that a fraud may have occurred are not sufficient [to meet Rule 9(b) ]."). Even if the assumption is true, Rule 9(b) requires Ms. Wisz to allege the directives' effect on the DRG form and patients' bills. *See Northrop Corp.*, 149 F.R.D. at 146 (finding claims based on "information and belief" must be supported with "specific facts supporting a strong inference of fraud.") (quotations omitted).

Ms. Wisz argues that she is disadvantaged in answering Columbia's argument because Columbia has yet to respond to her Interrogatory No. 5. In Interrogatory No. 5, Ms. Wisz asked Columbia to state who issued the directive, under whose authority the directive was issued, and to state all of the reasons the directive was issued. (Response Brief at 3). At a status hearing held on June 12, 1998, I ordered Columbia to answer Interrogatory No. 5. Columbia had not answered Interrogatory No. 5 by the time Ms. Wisz filed her response on July 1, 1998. Ms. Wisz argues her complaint is sufficient even without the information requested in Interrogatory No. 5.

Ms. Wisz's complaint does not meet the Rule 9(b) standard. It is possible, however,

---

1. Ms. Wisz also brings a False Claims Act claim alleging Columbia falsified the date out-patient surgeries occurred so that it would receive greater reimbursement from the State. Columbia does not challenge the sufficiency of these allegations.

2. The acronym "DRG" is never defined in either the complaint or the parties' briefs.

that once Columbia responds to Interrogatory No. 5 Ms. Wisz will be able to sufficiently plead the fraud she alleges occurred regarding Columbia's directive to mark all surgeries "major." Accordingly, Columbia is directed to answer Interrogatory No. 5 within twenty days of the issuing of this opinion. The section of Ms. Wisz's complaint dealing with Columbia's "major/minor" directive is dismissed without prejudice. Ms. Wisz is free to replead her claim if, after receiving Columbia's response to Interrogatory No. 5, she feels she can meet Rule 9(b)'s requirements.

### Conclusion

For the foregoing reasons, Columbia's motion to dismiss is granted. Columbia has twenty days to respond to Ms. Wisz's Interrogatory No. 5.